*166 OPINION of the Court, bv
Judge Clark.
Ruck-er brought his hill in chancery, in the Woodford circuit, against Trotter and Howard, to obtain a conveyance for twenty-six acres of land ; in which he alleges a purchase of Trotter of that quantity, and that he held Trotter’s bond for the conveyance ; that Howard had, with full knowledge of his prior equity, fraudulently obtained from Trotter a deed for the twenty-six acres of land.
Howard answered the bill, and admits he purchased of Trotter a tract of land, of which this twenty-six acres composed a part, acknowledges notice of Rucker’s claim to 20 3-4 acres, but denies his right to the balance j that Rucker acquired his interest in the 20 3-4 acres by exchange with Trotter, acre for acre, and that the bond; exhibited by Rucker for the 26 acres, was, when execu* *167 ted, but for 20 3-4 acres, and that it has been fraudulently altered by him since its execution by adding the word six. Trotter not having answ> red, the cause was set for hearing generally by the deknd « I Howard, and was tried without an answer from Trotter. In the progress of the cause, a jury was emp.intu lied who found that the bond had been altered subs< qm-nt to its execution ; that after the word twenty, and R fore the word acres, a word had been inserted, (not known,) on which the word six had afterwards been written. The circuit court decreed a conveyance for 20 3-4 acres only, and dismissed the bill as to the balance. From which decree Rucker appealed.
If complainant: moves tor * continuance be® came the ma-giihate has not returned depo-ftenms taken ora his part,& thofe witnesses had been formerly examined by him, his affidavit fhouid dis™ cíoíe what (if any,) wer® depofed to, not contained in th® former depoii*. tions ; an application for continuance th© court is to judge* tiie materiality of the wicnefs, and not the party— Vide vol. i, 628, title continuance.
A complainant who fecks to difturb a pur-chafer of the legal title for va uab’e confi-d jai ion, ought * > íht w a deaf
it a bond has been anered by compiainanc im a material part, ne can nave oof benefit from th.®-bond, but mufti refort to the original contract for which the bond was given.
A fact found by a jury directed to be cm. pannellsd by the chancellor» is conclufive* if she finding is not fei afide.
*167 The errors assigned are, 1st. “ The circuit court erred in hearing the cause without having the answer of Trotter, or having the bill taken as confessed against him.”
The cause appears to have been irregularly set for hearing, but that irregularity might have been corrected by an application to the inferior court who tried the cause ; and without such application having been first made, it cannot be assigned for error in this court— Briscoe vs. Troutman, Hard. 304, Reading vs. Metcalf, 535, and Bradley vs. Steele, 559.
The omission to have the bill taken for confessed as to Trotter, was a negligence on the part of the complainant himself, and not of the court. If he wished his answer, he ought to have given the regular rules to have procured it; and on failure, it was his duty to have⅛ ken the bill for confessed. The failure on his part to bring the cause to hearing as to Trotter, is no cause for reversing the decree. Howard holding ih - legal title, and the object of the bill a conveyance, the court was enabled, as the cause was presented, to do complete justice without Trotter’s answer.
2d. The court erred in ruling the cause to a hearing, before Richard Fox, a justice of the peace, hail returned the depositions in his hands, and befaré he, as survey- or, had made his report. It appears from a bill of exceptions taken on the trial of this cause, that the appellant moved the court for a continuance, on the grounds that the depositions of several witnesses had been taken by him, since the last term of the court, before Richard Fox, a justice of the peace, who had t-iken the depositions to retura them to the clerk’s of- *168 See, but bad failed to do so ; that be considered then* material for him on the trial; that Fox whs the county surveyor, and had made a survey on the land in controversy, since the last term of the court, for the purpose of illustrating the depositions, which he likewise deemed material, which survey was not returned ; that he had called on said Fox some time before that term, who assured him the depositions and survey should be returned in time. On examining the record, we find the depositions of these witnesses (except one of them) had been taken more than once before that, and returned to the (Mice. It was possible the witnesses might not have detailed all they knew that was material to the investigation of the cause, but this would not be presumed, nor ought the court, upon the bare affidavit that he bad retaken their depositions, without stating the additional matter which had been proven, to have continued the cause. Upon applications for continuances, the court ought, and do frequently require of the party a statement of what he expects to prove. It is not sufficient that the party thinks the testimony of his witness material, but it ought in fact to be so : of this the court must be the judge, and not the party. If this rule be correct in the generality of cases, it holds with more force where the deposition of a witness has been frequently taken in the same cause, and by the same party. We therefore think the circuit court did right in refusing the continuance upon that ground, as the affidavit was silent as to what was expected to be proven, or that the deposition contained any thing more than had been before sworn to. Though the court ruled the appellant into trial before these depositions were returned to the office, yet he was not deprived of their benefit, the defendant having agreed, if they came in befe; e a decree was given, they might be used in the same manner as if they had been returned in due time. They were returned"; and, so far as we can judge from the agreement and the record, he had every benefn from them he would have had, had they been returned before the trial.
After caufe is set for bearing, whether the Court will permit an amendment is matter of found dhcre-
The defendant having tendeied a deed before fuk for all'the land complain-aotisentkied to, the complainant decreed to pay eofts.
3d- The circuit court erred in the decree on the me - rits, in refusing to decree a conveyance of all the land claimed, and in dismissing the bill except as to 20 3-4 acres. A complainant who seeks relief from a ceurt of *169 Jianri-it against a legal title, procured for a valuable consideration, ought to shew a clear and Unquestionable equity. In this case, the complainant produces abend, alleged to have been executed by Trotter, for twenty-six acres, as an evidence of his contract for that quantity. ⅜1 that bond stood unimpeached, it would have keen conclusive evidence of his right t@ the quantity called for: but if that bond was never executed by Trotter, or if it was executed, but by some act of the complainant he has destroyed its obligatory force, he can derive no advantage from it. It is a well settled rule, that if the ob-ligee alters a bond in a material part, he by that means destroys its efficacy ; and the obligor may plead non esi ft tmn to it. That there had been an alteration in this bond in a material part, after it was executed, there can be no doubt; the' fact was found by a jury empannelled and fworn for that purpose, which finding has not been set aside^ and must be taken as conclusive. The complainant, therefore, can derive no benefit from the bond, and the quantity he was really entitled to by virtue of bis contract with Trotter, must depend upon the parol evidence taken in the cause ; which, though contradictory and conflicting, preponderates in favor of the statement in the answer, that it was an exchange, acre for acre,, and that the appellant was entitled to no more than the quantity which was decreed him.
The fourth error assigned, has been answered by the answer to the second.
The fifth error is, that the court erred in refusing to permit the appellant to amend his bill upon his motion for that purpose. This motion was made after the court had gone into the trial of the cause, and the papers submitted to them for their decree. After answer filed, and the cause regularly set for hearing, whether the court will postpone the trial for the purpose of amendment or not, must depend upon the sound discretion of the court, and not upon any express rule upan the subject. The exceptions to this opinion of the court ⅝⅞1«⅝| warrant us in saying the circuit court erred in overruling the motion.
The sixth assignment of errors questions the correctness of the decree so far as it relates to the costs. We ,can see no objection to the decree in that respect. It is proven that the defendant Howard, before the com *170 mencement of this suit, tendered a deed to the appellant for the land which has been decreed him, and that he refused to accept it. The tender and refusal ought certainly to excuse Howard from the payment of costs ; and the prosecution of the suit by the appellant, after Howard had offered every thing on his part which th« law could require of him, ought to subject Rucker to the payment of them. — —Decree affirmed, ike.